1  Rahul Kulkarni, Esq.
   Nevada State Bar No. 10650
2  David T. Blake, Esq.
   Nevada State Bar No. 11059
3  WOLFE & WYMAN LLP
   6757 Spencer Street
4  Las Vegas, NV 89119
   Tel: (702) 476-0100
5  Fax: (949) 475-9203
   rkulkarni@ww.law
6  dtblake@ww.law

7  Attorneys for Defendant
   CULTURE FRESH FOODS, INC.

8

9                    **UNITED STATES DISTRICT COURT**

10                        **CLARK COUNTY, NEVADA**

11

12  HELMI EL SENSOUSSI, Individually,           CASE NO.:   2:25-CV-600

13          Plaintiff                            **Stipulation to Extend Discovery Plan**
        v.                                       **and Scheduling Order Deadlines**
14
    SF MARKETS, LLC dba Sprouts Farmers          First Request
15  Market, a Delaware Corporation; CULTURE
    FRESH FOODS, INC., a Delaware Corporation;
16  KEHE DISTRIBUTORS OF NEVADA, LLC, a
    Delaware Limited Liability Company; KEHE
17  DISTRIBUTORS, LLC, a Delaware Limited
    Liability Company; DOES 1-10, inclusive; and
18  ROE BUSINESS ENTITIES 1-10, inclusive,

19          Defendants.

20          IT IS HEREBY STIPULATED AND AGREED by and among the parties hereto and each

21  party's respective attorneys of record, that, Pursuant to LR 26-3 and Fed. R. Civ. P. ("Rule") 16(b),

22  discovery deadlines be extended as set forth below.

23          On September 3, 2025, the Magistrate Judge entered an order (ECF No. 18) approving the

24  parties' Stipulated Discovery Plan and Scheduling Order. The Court established the following

25  discovery deadlines:

26          a. Discovery cut-off: December 1, 2025;

27          b. Deadline to amend pleadings or add parties: September 1, 2025;

28          c. Initial Expert Disclosures: October 1, 2025;

**1**       d. Rebuttal Expert Disclosures: November 1, 2025;

**2**       e. Dispositive Motions cutoff: January 1, 2026;

**3**       f. Joint Pretrial Order due by February 1, 2026.

**4**       Good cause exists to extend the discovery deadlines in this matter. On August 26, 2025, Plaintiff filed a timely motion to amend his complaint to add KeHe Distributors, LLC ("KeHe") as a defendant (ECF No. 17). That motion was granted on October 1, 2027 (ECF No. 24) and an Amended Complaint was filed on October 2, 2025 (ECF No. 25).   KeHe has been served, and their Answer is due October 30, 2025.  Once KeHe has joined the litigation, all parties will need to conduct discovery as to KeHe and KeHe will also need an opportunity to disclose expert witnesses.

The parties have been diligently participating in discovery. The parties have exchanged multiple sets of interrogatories, requests for production, and requests for admission; produced and supplemented Rule 26 disclosures; and prepared to issue subpoenas to numerous third parties, including treating providers and pharmacies. Despite this diligence, the parties have not been able to complete all necessary discovery, including depositions and subpoena compliance, before the upcoming expert disclosure deadline. Proceeding with expert disclosures under the current schedule would therefore prejudice the parties and risk duplication and inefficiency as another Defendant, KeHe is expected to join the litigation.

This is the first request for an extension of the discovery deadlines. No party will be prejudiced by the requested extension, and the extension will promote efficiency by avoiding piecemeal discovery and ensuring that all parties and experts can proceed on a coordinated schedule.

Given the number of parties, and number of claims in this matter, and reasonable time necessary to add the new parties, serve the new parties, for the new parties to appear, and for the parties to complete discovery with the new parties, the parties respectfully request a 120-day extension of discovery deadlines. The proposed dates are set forth below.

Good cause and excusable neglect exist for the requested extension under LR IA 6-1 and 26-3. The parties have diligently sought to comply with all discovery and scheduling deadlines and have made repeated timely efforts to extend the deadlines as needed. The first stipulation to extend

5409068.1

1 discovery (ECF No. 19) was filed on September 19, 2025—before the original October 1, 2025, expert disclosure deadline—but was denied for formatting and procedural reasons unrelated to the merits. The second stipulation (ECF No. 22) was promptly re-filed on September 29, 2025, again before the October 1, 2025, expert disclosure deadline, but was denied only because the proposed new dates inadvertently exceeded the permitted 120-day extension. A corrected stipulation was then submitted on October 7, 2025, but was denied because the expert disclosure deadline had technically expired by that point.

These denials were not the result of inattention or lack of diligence. The parties acted in good faith and submitted each stipulation in a timely manner, but inadvertent procedural and formatting errors required correction and resubmission. The parties have at all times cooperated to move discovery forward—including exchanging multiple sets of written discovery, serving, and following up on third-party subpoenas, and producing supplemental disclosures—and have continued to work diligently despite these setbacks. The parties two timely attempts to submit the stipulation prior to the expiration of any deadlines constitutes excusable neglect.

The parties have relied in good faith on their mutual agreement to extend the discovery and expert disclosure deadlines. In reliance on that agreement and the timely stipulations that were submitted to the Court, no party has disclosed expert witnesses or exchanged expert reports, proceeding with the understanding that expert disclosure deadline would be extended. If the current deadlines were not extended, all parties would be equally prejudiced.

Under the circumstances, the delay in resubmitting a corrected stipulation after the expiration of the expert deadline constitutes excusable neglect. The parties reasonably relied on their timely-filed original stipulation, promptly addressed each of the Court's comments, and re-filed the corrected stipulations in close succession. No party has sought to gain a tactical advantage or delay the case, and no party will be prejudiced by the requested extension. Granting the stipulation will promote efficiency by allowing the parties to complete remaining discovery and expert work on a

5409068.1

coordinated schedule and avoid duplicative or premature disclosures.

Accordingly, the parties respectfully submit that good cause and excusable neglect have been demonstrated and request that the Court grant the proposed extension of the discovery deadlines.

Although the current deadline for initial expert disclosures is within 21 days of this request, good cause exists for an extension under Local Rule 26-3. The parties have been diligent in pursuing discovery, but expert disclosures cannot reasonably be completed until outstanding medical records are produced, third-party subpoenas are answered, and depositions of key witnesses are taken. In addition, the pending joinder of KeHe as a defendant makes it impractical and inefficient to proceed with expert disclosures under the current schedule. Under these circumstances, the short proximity of the deadline should not bar relief, and an extension is warranted.

The parties have diligently pursued discovery and continue to do so.

Good cause exists for this extension for the reasons stated below.

Also, Plaintiff's counsel was out of town last week on a preplanned vacation and did not have access to computer or internet, which is why this revised Stipulation was not filed by October 24, 2025.

A.  **Discovery Completed to Date:**

   1.  **Plaintiff**

   - Initial Rule 26 Disclosures May 16, 2025
   - Notice of Rule 26(f) Conference – April 24, 2025
   - Interrogatories to Culture Fresh Foods – First Set – May 16, 2025
   - Interrogatories to Culture Fresh Foods – Second Set – August 14, 2025
   - Interrogatories to Sprouts Farmers Market – First Set – May 16, 2025
   - Interrogatories to Sprouts Farmers Market – Second Set – August 14, 2025
   - Requests for Production of Documents to Culture Fresh Foods – First Set – May 16, 2025
   - Requests for Production of Documents to Culture Fresh Foods – Second Set – August 14, 2025
   - Requests for Production of Documents to Sprouts Farmers Market – First Set – May 16,

1  2025

2,3  • Requests for Production of Documents to Sprouts Farmers Market – Second Set – August 14, 2025

4  • Requests for Admissions to Culture Fresh Foods – August 14, 2025

5  • Requests for Admissions to Sprouts Farmers Market – August 14, 2025

6,7  • Subpoena for Deposition of Anthony Dota, M.D. – July 9, 2025 (notice dated June 12, 2025)

8  • Notice of Deposition of Anthony Dota, M.D. on July 9, 2025 – dated June 12, 2025

9  **2.** **Culture Fresh Foods**

10  • Initial Disclosure – June 12, 2025

11  • First Supplemental Disclosure – July 29, 2025

12  • Response to Plaintiff's First Set of Interrogatories – June 16, 2025

13  • Response to Plaintiff's First Set of Requests for Production June 16, 2025

14  • Supplemental Responses to Interrogatories July 29, 2025

15  • Supplemental Responses to Requests for Production July 29, 2025

16  • Seven-Day Notice of Intent to Subpoena – Served on September 10, 2025

17      o Subpoena Duces Tecum to Irfan Tahir, M.D.

18      o Subpoena Duces Tecum to Primary and Senior Medical Care

19      o Subpoena Duces Tecum to Radiology Specialists, Ltd.

20      o Subpoena Duces Tecum to Fremont Emergency Services

21      o Subpoena Duces Tecum to CVS Pharmacy

22      o Subpoena Duces Tecum to Mountainview Hospital

23      o Subpoena Duces Tecum to Las Vegas Heart Associates

24  • Extension to respond to Plaintiffs second set of written discovery.

25  **3.** **Sprouts Farmers Market**

26,27  • First Supplemental Disclosure of Witnesses and Documents Pursuant to Federal Rule of Civil Procedure 26.1(a)(1) – June 16, 2025

28  • Second Supplemental Disclosure of Witnesses and Documents Pursuant to Federal Rule of Civil Procedure 26.1(a)(1) – August 7, 2025

5409068.1

- Answers to Plaintiff's First Set of Interrogatories – July 16, 2025
- Answers to Plaintiff's First Set of Requests for Production – July 16, 2025
- Responses to Plaintiffs First Set of Requests for Admission – September 15, 2025
- Extension to respond to Plaintiff's second set of interrogatories and requests for production.

B. **Discovery Remaining to be Completed:**

The parties anticipate the following discovery remains to be completed:

1. Depositions of party representatives – Depositions of corporate representatives for Culture Fresh Foods, Inc., KeHe, and Sprouts Farmers Market pursuant to Rule 30(b)(6).

2. Depositions of fact witnesses – Depositions of percipient witnesses, including store employees and other individuals with knowledge of the sale, distribution, and handling of the product.

3. Depositions of treating medical providers – Depositions of Plaintiff's treating physicians and medical providers, including Anthony Dota, M.D., Irfan Tahir, M.D., and other subpoenaed healthcare providers.

4. Document productions – Completion of third-party subpoena compliance from multiple providers and facilities, including hospitals, pharmacies, and specialists, as well as supplementation of party document productions in response to outstanding written discovery.

5. Expert discovery – Exchange of initial and rebuttal expert reports and depositions of retained experts in the fields of medicine, product design, manufacturing, distribution, and damages.

6. Discovery from KeHe once they file their Answer. The parties anticipate written discovery and depositions directed to KeHe and coordination of KeHe's participation in fact and expert discovery.

**C.     Reasons Why the Remaining Discovery Was not completed:**

There is good cause for the requested extension. Although the parties have diligently engaged in written discovery, exchanged initial and supplemental disclosures, and issued multiple subpoenas to third parties, several factors have prevented completion of all necessary discovery within the current schedule. This case involves two existing defendants, and Plaintiff expects KeHe Distributors, LLC to be joined a third defendant. In addition, Plaintiff alleges serious medical injuries that required treatment from numerous providers, hospitals, and pharmacies. These providers are independent third parties who often respond slowly to subpoenas, and many records remain outstanding despite diligent follow-up.

The deposition of Dr. Dota did not move forward because he was not available on the date for which the deposition was noticed. Dr. Dota stated that his employer did not provide him with a copy of the subpoena and objected to the subpoena.

The case will require testimony from multiple expert witnesses on each side, including experts in product design, manufacturing and distribution, warnings, medical causation, and damages. Expert analysis depends on the completion of fact discovery and receipt of complete medical and product records. Under the current schedule, expert disclosure deadlines arrive before fact discovery will be sufficiently developed to allow meaningful expert reports. Plaintiff has kindly agreed to an extension for both Sprouts and CFF to answer a second set of written discovery. Sprouts has requested and Plaintiff has agreed to a further extension based on extenuating circumstances, a recent death in the family for the sprouts representative assigned to the case. Plaintiff should not be penalized for extending professional courtesies.

Plaintiff moved to amend the complaint to add KeHe Distributors, LLC, which was recently granted.  An Amended Complaint has been filed, and the parties are waiting for KeHe to file their Answer, which cannot occur prior to the current expert disclosure deadline. Once KeHe has joined, it will be entitled to conduct its own discovery, including written discovery, depositions, and expert disclosures.  Current parties could not have propounded discovery on KeHe until it is formally added.

This matter involves a claimed defective food product distributed across multiple states and

1 allegedly subject to a recall. Discovery into manufacturing, distribution, and recall procedures
2 requires coordination with out-of-state witnesses and corporate representatives, increasing the time
3 necessary to complete depositions and document production.
4     With multiple parties, multiple sets of counsel, and numerous third-party witnesses,
5 coordinating deposition dates and subpoena compliance has been time-consuming. Several
6 depositions are already noticed but cannot be completed until outstanding medical records are
7 produced.
8     Proceeding under the current schedule would prejudice the parties by requiring expert
9 disclosures before fact discovery is complete and before a likely additional defendant has entered the
10 case. Extending the schedule will allow all parties to proceed on a coordinated basis, reduce
11 duplication, and promote efficiency.
12     First request for extension – Importantly, this is the first request to extend the discovery
13 deadlines. No continuances have been sought or granted, and the parties have proceeded diligently
14 within the time allowed.
15     [Remainder of page left blank intentionally]

5409068.1

**Proposed Schedule for Completing all Remaining Discovery:**

Discovery Cut-Off: April 1, 2026

Deadline to Amend Pleadings or Add Parties: Previous deadline not extended.

Initial Expert Disclosures: February 2, 2026

Rebuttal Expert Disclosures: March 2, 2026

Dispositive Motions Deadline: May 1, 2026

Joint Pretrial Order: June 1, 2026 (or 30 days after the Court's ruling on dispositive motions, if any are filed)

IT IS SO STIPULATED AND AGREED:

DATED: October 27, 2025
WOLFE & WYMAN LLP
By: */s/ David T. Blake*
Rahul Kulkarni, Esq.
Nevada Bar No. 10650
David T. Blake, Esq.
Nevada Bar No. 11059
6757 Spencer Street
Las Vegas, NV 89119
**Attorneys for Culture Fresh Foods, Inc.**

DATED: October 27, 2025
REX LAW
By: */s/ Cory Rex*
Cory Rex, Esq.
Nevada Bar No. 10577
170 South Green Valley Pkwy., Suite 300 Henderson, NV 89012
**Attorneys for Plaintiff**

DATED: October 27, 2025
WILSON ELSER
By: */s/ Alexandra B. McLeod*
Alexandra B. McLeod, Esq.
Nevada Bar No. 81815
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
**Attorneys for SF Markets, LLC dba Sprouts Farmers Market**

**ORDER**

While counsel is certainly encouraged and expected to take vacations, the Court's 10/14/25 Order (ECF no. 31) ordered the parties, not just plaintiff, to file an amended stipulation by 10/24/25. The parties provide no explanation why the amened stipulation could not have been filed before the vacation of plaintiff's counsel and more importantly, why defense counsel, who were also subject to the order, did not timely file a partial stipulation or other motion advising the Court of the circumstances and requesting a brief continuance. Court orders and the Local Rules are not mere suggestions, they are, among other things, directives the parties must follow for orderly and efficient case management. In addition to possible sanctions, counsels' future failure to follow the Local Rules or Court orders will result in denial of the filing without leave.

**IT IS SO ORDERED:**

_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE
Dated: October 29, 2025